**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARIA FERNANDA GUTIERREZ RANGEL,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,

Respondents.

Case No.: 3:26-cv-04321-BTM-MSB

**ORDER GRANTING AMENDED PETITION FOR HABEAS CORPUS**

**[ECF NO. 6]**

Before the Court is Maria Fernanda Gutierrez Rangel's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court GRANTS the petition and orders the Respondents to provide Rangel with an individualized bond hearing before a fair, neutral, and open-minded immigration judge.

## I. BACKGROUND

Rangel, a native of Colombia, entered the United States through Mexico and turned herself into Border Patrol on January 10, 2026. (ECF No. 6-1 ("Decl."), ¶ 2.; ECF No. 8-1, Ex. 1 ("DHS Rec."), at 4.) Rangel was found inadmissible under the INA and detained under 8 U.S.C. § 1225(b). (DHS Rec., 4)

Rangel sought asylum after experiencing violence and persecution in her home country due to her political participation and sexual orientation. (Decl., ¶¶ 1–2.) She received a positive credible fear determination. (*Id.*, ¶ 3.) The Respondents then initiated § 1229a removal proceedings against Rangel. (ECF No. 8 ("Return"), at 2.)

Rangel has been in custody for over eight months. (Decl., ¶ 6.) She remains detained at Otay Mesa Detention Center. (*Id.*, ¶ 2.) She filed a petition for a writ of habeas corpus on July 28, 2026, and an amended petition on August 5, 2026. (ECF No. 1; ECF No. 6 ("Am. Pet.").)

## II. DISCUSSION

Rangel claims the Due Process Clause of the Fifth Amendment prohibits unreasonably prolonged immigration detention without a bond hearing. (Am. Pet., 3–7.)

The Respondents contend that the Court lacks jurisdiction. (ECF No. 8 ("Return"), at 3–4.) The Respondents also claim that Rangel is lawfully detained under 8 U.S.C. § 1225(b)(1)(B)(ii) and not entitled to a bond hearing. (*Id.* at 4–5.) Alternatively, they argue Rangel is not entitled to a bond hearing because her detention is not unconstitutionally prolonged. (*Id.* at 6–10.)

### A. Jurisdiction

The Court has long had jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see* Judiciary Act of 1789, ch. 20, 1 Stat. 73, 81–82. Yet the Respondents argue that the Court lacks jurisdiction over this petition under 8 U.S.C. § 1252(g).

//

This is the same jurisdictional argument that other decisions in this district have soundly rejected. *See, e.g.*, *Tran v. Noem*, No. 25-cv-02391, 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025). Rangel is not challenging her removal, the execution of a removal order, or a discretionary decision by the Attorney General. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."). Rather, Rangel solely challenges the constitutionality of her detention without a bond hearing. The Court therefore adopts the reasoning of the other decisions in this district, rejects the Respondents' argument, and finds that it has jurisdiction to review the petition.

**B. Merits**

**i. Due Process under Section 1225(b)(1)**

The facts and legal arguments here are similar to those presented in the Court's previous decision, *Singh v. LaRose*, No. 26-cv-00842, 2026 WL 684654 (S.D. Cal. Mar. 10, 2026). The Court adopts *Singh*'s reasoning and applies it here.

The Court holds that the Due Process Clause prohibits unreasonably prolonged detention without a bond hearing. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This protection extends to those detained under § 1225, such as Rangel. *See Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process.").

The Court further holds that *Shaughnessy v. United States ex rel. Mezei* does not apply here. 345 U.S. 206 (1953). The petitioner in *Mezei* had been deemed "a threat to national security." *Rosales-Garcia v. Holland*, 322 F.3d 386, 413–14 (6th Cir. 2003). The Respondents do not contend that Rangel is a danger to national security.

//

//

//

The Court also finds unpersuasive the argument that *Department of Homeland Security v. Thuraissigiam* binds this Court to find that noncitizens[1] seeking entry have no due process rights "other than those afforded by statute." 591 U.S. 103, 138–40 (2020). Most courts have declined to extend *Thuraissigiam*'s reasoning to dismiss or deny habeas petitions in the context of arriving noncitizens subject to mandatory detention under § 1225(b)(a). *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025); *see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 25-cv-98, 2025 WL 2099343, at *6 (E.D. Cal. Jul. 25, 2025) ("Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1225(b) … 'essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings without a bond, will—at some point—violate the right to due process.'") (citing *Martinez v. Clark*, No. C18-1669, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019)). The Court agrees with the majority position and holds that a petitioner detained under § 1225(b)(1) may assert a due process challenge to prolonged mandatory detention without a bond hearing. The Court likewise interprets *Thuraissigiam* as circumscribing an arriving noncitizen's due process rights to admission, rather than limiting their ability to challenge detention.

Having found that Rangel has a right against prolonged detention, the Court must determine whether her detention is so prolonged as to violate the Due Process Clause.

//

//

//

//

//

//

//

---

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien." 8 U.S.C. § 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

**ii. Prolonged Detention**

When deciding whether a petitioner's continued detention would violate the Due Process Clause, many district courts have looked to the factors articulated in *Banda v. McAleenan*:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings cause [sic] by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019) (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)). The Court finds it appropriate to apply the *Banda* analysis to Rangel's detention as other decisions in this district have done. *See, e.g., Sandesh v. LaRose*, No. 26-cv-00846, 2026 WL 622690 (S.D. Cal. Mar. 5, 2026).

The length of detention is the "most important factor." *Banda*, 385 F. Supp. 3d at 1118. Rangel has been detained without a bond hearing for over eight months. This length of time "does not presumptively establish unreasonably prolonged detention, but neither does it prevent constitutional scrutiny." *Mtiulishvili v. LaRose*, No. 26-cv-00387, 2026 WL 377870, at *3 (S.D. Cal. Feb. 10, 2026). Although some courts have found detention lasting up to nine months to be reasonable, *see Miagkikh v. LaRose*, No 25-cv-03755, 2026 WL 237742, at *2 (S.D. Cal. Jan. 29, 2026), many courts in this district have found detention beyond seven months to be unreasonably prolonged. *See, e.g., Amado v. U.S. Dep't of Just.*, No. 25-cv-02687, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (collecting cases).

The Court follows the approach of the latter. The prolonged detention at issue is of "a human being who has never been found to pose a danger to the community or to be likely to flee if released." *Whitaker*, 358 F. Supp. 3d at 859. The Respondents have also not presented any merits argument that justifies further detention without a bond hearing. They instead rely on *Markov v. LaRose* to argue that mandatory detention does not violate due process. No. 25-cv-3811, 2026 WL 92069 (S.D. Cal. Jan. 13, 2026). The Court there

held that the petitioner's "length of detention" of one year, "without more, does not render his detention unreasonable." *Id.* at *2. But here, as the Court discusses below, there is more. Thus, *Markov* is inapposite to this case. Based on the absence of any finding of danger or flight risk, and the failure of the Respondents to discuss the length of detention on its merits, the Court finds that this factor favors Rangel. The weight is only slight, however, as the Court recognizes that the length of detention is at the low end of time deemed prolonged in this district.

The second factor, likely duration of future detention, considers "the anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (quoting *Whitaker*, 358 F. Supp. 3d at 859). Here, as in *Sandesh*, "Petitioner has not yet had [her] final merits hearing, and if [she] loses, will file an appeal to the BIA and will have an opportunity to appeal to the Ninth Circuit as well." 2026 WL 622690, at *4. This process may take years. *See Banda*, 385 F. Supp. 3d at 1119. The Court finds that this factor weighs in favor of Rangel.

The third factor, conditions of detention, favors Rangel. "The more that the conditions under which the noncitizen is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119. Other courts in this district have found that "confinement at Otay Mesa Detention Center is 'indistinguishable from penal confinement.'" *Abdul Kadir v. LaRose*, No. 25-cv-01045, 2025 WL 2932653, at *5 (S.D. Cal. Oct. 15, 2025) (quoting *Kydyrali*, 499 F. Supp. 3d at 773); *see, e.g., Guerrero v. Divver*, No. 26-cv-01966, 2026 WL 1004847 (S.D. Cal. Apr. 14, 2026). Also, the Respondents do not dispute Rangel's argument on the conditions of her confinement. (*See generally* Return.) The Court therefore finds that this factor weighs in Rangel's favor.

The fourth and fifth factors consider the nature and extent of the delays caused by the parties. Rangel's detention does not appear to involve delay by either party. Indeed, the Respondents concede that the fourth factor is neutral as the record does not evidence any delays in removal proceedings. (Return, 9.) The Court thus finds that the fourth factor

is neutral. To the extent that any delay has occurred, Rangel contends that a certain amount can be attributed to the Respondents because she has been unable to secure evidence that was on her cellphone which was allegedly destroyed by Border Patrol while in their custody. (Am. Pet., 9.) The Respondents do not dispute Rangel's assertion regarding her cellphone. (Return, 9.) Therefore, the Court finds that the fifth factor slightly weighs in Rangel's favor.

The sixth factor—the likelihood that the removal proceedings will result in a final order of removal—is neutral. The Court "is in no position to judge the likelihood of success of this argument" or Rangel's claim for asylum. *Sandesh*, 2026 WL 622690.

The first factor slightly favors Rangel, the second and third factors favor Rangel, the fourth factor is neutral, the fifth factor slightly favors Rangel, and the sixth factor is neutral. Taken together, the Court finds that Rangel's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.

**C. Relief**

To remedy the violation of Rangel's Due Process rights, the Court is ordering an individualized bond hearing with additional safeguards. *See Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011) (holding that noncitizens "facing prolonged detention" are "entitled to a bond hearing before a neutral immigration judge."). The bond hearing must be before a fair, neutral, and open-minded IJ who is ordered to determine whether Rangel is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Rangel's appearance. The IJ shall consider where the Petitioner will reside, who any surety may be, the appropriateness of non-financial conditions, the nine factors for an IJ to consider in an individualized bond hearing as set forth in *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024), and any other factors the IJ deems relevant in this particular case. *See also In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006). During the bond hearing, the Respondents shall bear the burden of establishing by clear and convincing evidence that Rangel poses a danger or flight risk. *See Sandesh*, 2026 WL 622690, at *5 ("[I]t [is] appropriate to continue to apply the standard set forth in *Singh* [*v. Holder*] in the

case of bond hearings for those subjected to prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals."). If the IJ denies bond, the judge must make specific findings as to why Petitioner is a danger to the community or a flight risk, and the Government must make the audio of the hearing available to Petitioner's counsel. If the Government fails to comply with this writ, Petitioner can apply to this Court for relief.

## III. CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is **GRANTED**. The Respondents are ordered to grant Rangel an individualized bond hearing before a fair, neutral, and open-minded IJ in accordance with the requirements ordered above. The hearing must be held no later than September 22, 2026, unless Rangel seeks a continuance.

The parties shall file a joint statement as to compliance with this writ and order and the result of the bond hearing by 5 p.m. on September 24, 2026. If Rangel's merits hearing results in her release, the parties may file a motion to vacate this writ as moot. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: September 8, 2026

Barry Ted Moskowitz

Honorable Barry Ted Moskowitz
United States District Judge